IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERKADIA COMMERCIAL MORTGAGE LLC,<br>    Plaintiff,<br><br>v.<br><br>CROSS BRIDGE TITLE LLC and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-cv-2368 |

## PLAINTIFF BERKADIA COMMERCIAL MORTGAGE LLC'S REQUEST FOR ENTRY OF DEFAULT

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff Berkadia Commercial Mortgage LLC ("Berkadia") asks the Court Clerk to enter a default against Defendant Cross Bridge Title LLC ("Cross Bridge") and, in support, states as follows:

### I. INTRODUCTION

Berkadia filed its Original Complaint against Cross Bridge on May 23, 2025. A true and correct copy of the Original Complaint is attached as Exhibit A-1 and incorporated by reference.

On June 4, 2025, Cross Bridge was served with a summons and Berkadia's Original Complaint by personal delivery. A true and correct copy of the summons is attached as Exhibit A-2 and incorporated by reference. A true and correct copy of the return of service is attached as Exhibit A-3 and incorporated by reference. Cross Bridge's answer or responsive pleading was due on June 25, 2025. ECF No. 10.

Cross Bridge has not filed a responsive pleading or otherwise defended the suit.

Berkadia is therefore entitled to entry of default.

## II. ARGUMENT

The court clerk may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a). Rule 12 12(a)(1)(A)(i) requires a defendant to file a responsive pleading within 21 days after being served with a summons and complaint.

Cross Bridge did not file a responsive pleading by June 25, 2025, which is 21 days after it was served on June 4, 2025. *See* Ex. A ¶ 6. Nor has Cross Bridge otherwise defended the suit. Ex. A ¶ 6. The Court Clerk therefore should enter a default against Cross Bridge. *See* Fed. R. Civ. P. 55(a).

Cross Bridge is a limited liability company, not an individual, and therefore is neither a minor nor an incompetent person. *See* Ex. A ¶ 7. Cross Bridge is not in military service, active or otherwise. Ex. A ¶ 7.

Because Cross Bridge has not appeared, filed a responsive pleading, or otherwise defended the suit, it is not entitled to notice of entry of default. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); Fed. R. Civ. P. 55(a).

Berkadia has met the requirements under Rule 55(a) for obtaining an entry of default from the Clerk, as demonstrated herein and by the Declaration of Kathryn E. Nelson, attached as Exhibit A and incorporated by reference. The Court should enter a default against Cross Bridge.

## III. CONCLUSION

For these reasons, Plaintiff Berkadia Commercial Mortgage LLC asks the Court Clerk to enter a default in its favor and against Defendant Cross Bridge Title LLC.

          Respectfully submitted,
          BERG PC

          By:   */s/ Geoffrey Berg*
          Geoffrey Berg (gberg@bergpc.com)
          Texas Bar No. 00793330
          S.D. Tex. Bar No. 19455
          3700 Buffalo Speedway, Suite 1150
          Houston, Texas 77098
          713-526-0200 (tel)
          832-615-2665 (fax)
          *Attorney-in-Charge for Plaintiff*
          *Berkadia Commercial Mortgage LLC*

Kathryn E. Nelson (knelson@bergpc.com)
Texas Bar No. 24037166
S.D. Tex. Bar No. 36108
BERG PC
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Of Counsel*

### **CERTIFICATE OF SERVICE**

  I certify that the foregoing instrument was served on all parties and counsel of record by filing it with the Court's CM/ECF system on June 26, 2025.

                  */s/ Kathryn E. Nelson*