IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERKADIA COMMERCIAL MORTGAGE LLC, *Plaintiff*, | § § § § | |
| v. | § § | Civil Action No. 4:25-cv-2368 |
| CROSS BRIDGE TITLE LLC and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, *Defendants*. | § § § § § § | |

**ORIGINAL ANSWER OF DEFENDANT
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**

TO THE HONORABLE COURT:

Defendant Old Republic National Title Insurance Company ("ORT"") files this Original Answer to Plaintiff's Original Complaint ("Complaint").

**I. PARTIES**

1.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     ORT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     ORT admits the allegations in paragraph 12.

## II. JURISDICTION AND VENUE

13.     ORT cannot admit that this Court has jurisdiction because it cannot admit or deny that the citizenship of Cross Bridge is correct.

14.     ORT cannot admit Paragraph 14 with respect to Cross Bridge Title, LLC (hereinafter, "Cross Bridge").  ORT admits it issued a title policy and closing protection letter concerning property located in Houston, Texas. ORT admits the jurisdictional allegations as to it but cannot admit as to Cross Bridge.

15.     ORT admits the jurisdiction allegations against ORT but cannot admit as to Cross Bridge.

16.     ORT admits that if this Court has jurisdiction, then venue is proper.

### III.  FACTS

17.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18.     ORT is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of paragraph 18.  ORT denies the title insurance commitment was generated by Cross Bridge and that it was fraudulent.  ORT is without knowledge or information sufficient to form a belief as to the validity of the settlement statements.

### A.  The PSA

19.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

### B.  The Title Insurance Commitment

21.     ORT admits that it issued a title commitment for both an owners and a lenders title insurance policy effective April 24, 2023 at 8:00 a.m. with a proposed policy amount of $67,156,000.  ORT is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 21.

22.    ORT admits that a second Owner's title commitment was issued proposing to insure the subject property for $97,800,000.  ORT is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 22.

23.    ORT admits the allegations in paragraph 23 except ORT denies the title commitments failed to provide any information about a lender's title insurance policy.

24.    ORT has inadequate information to for a belief about Berkadia's "beliefs." ORT denies the balance of the allegations in paragraph 24.

25.    ORT denies Cross Bridge was its agent with respect to the title insurance commitment and the title insurance policy in the transaction at issue.  ORT admits Cross Bridge was its agent only for the limited purpose of issuing title insurance policies in New Jersey.  ORT further denies that Cross Bridge acted within the scope of authority granted by ORT in taking any action in connection with actions set forth in paragraph 25.

## C.  The Escrow Instructions

26.    ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 26.

27.    ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 27.

## D.  The Settlement Statements

28.    ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 28.

29.    ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 29.

30.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 30.

31.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 31.

32.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 32.

33.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 33.

34.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 34.

35.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 35.

36.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 36.

**E.  The Title Insurance Policy and Closing Protection Letter**

37.     ORT admits the allegations in paragraph 37 to the extent that it issued a loan policy of title insurance and provided a closing protection letter to the lender secured by a mortgage.

38.     ORT denies the allegations in paragraph 38.

39.     ORT denies the allegations in paragraph 39, except to the extent it accurately recites language in the closing protection letter.

**F. Berkadia's Loss**

40.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 41.

42.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44.     ORT is without knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

## IV. CAUSES OF ACTION

### *Cause of Action One:*
### *Fraud*
### *(Cross Bridge and Old Republic)*

45.     ORT refers to its responses to the prior allegations incorporated in paragraph 45.

46.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 46, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

47.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 47, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

48.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 48, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

49.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 49, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

50.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 50, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

51.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 51, denies such allegations as to ORT in particular that Cross Bridge's alleged false representations related to and affected the status of title to the Property. ORT has inadequate information to form a belief as to Cross Bridge's purported false representations.

52.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 52, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

53.     ORT denies Cross Bridge made false representations in the insurance commitment   ORT also denies Cross Bridge was acting within any scope of agency for ORT in connection with correspondence pertaining to any title insurance commitment.

54.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 54, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

55. ORT is not required to admit or deny statements of law. To the extent ORT is required to answer any portion of this paragraph 55, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

### Cause of Action Two:
### Fraud by Nondisclosure
### (Cross Bridge)

56. ORT is not required to admit or deny the allegation against Cross Bridge.

57. ORT is not required to admit or deny the allegation against Cross Bridge.

58. ORT is not required to admit or deny the allegation against Cross Bridge.

59. ORT is not required to admit or deny the allegation against Cross Bridge.

60. ORT is not required to admi or deny the allegation against Cross Bridge.

61. ORT is not required to admit or deny the allegation against Cross Bridge.

62. ORT is not required to admit or deny the allegation against Cross Bridge.

63. ORT is not required to admit or deny the allegation against Cross Bridge.

64. ORT is not required to admit or deny the allegation against Cross Bridge.

65. ORT is not required to admit or deny the allegation against Cross Bridge.

66. ORT is not required to admit or deny the allegation against Cross Bridge.

### Cause of Action Three:
### Negligent Misrepresentation
### (Cross Bridge and Old Republic)

67. ORT refers back to its responses to allegations and incorporates into this paragraph 67.

68.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 68, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

69.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 69, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

70.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 70, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

71.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 71, ORT denies such allegations as to Old Republic and has inadequate information to form a belief as to Cross Bridge.

72.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 72, ORT denies and has inadequate information to form a belief as to Cross Bridge.

73.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 73, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

74.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 74, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

75.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 75, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

76.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 76, ORT denies such allegations as to ORT and has inadequate information to form a belief as to Cross Bridge.

77.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 75, ORT denies Cross Bridge was acting as ORT's agent for the title insurance commitment and correspondence relating to the making or consummation of the title insurance commitment.  ORT also denies Cross Bridge was acting within any scope of agency for ORT.

78.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 78, ORT admits Cross Bridge was its agent only for the limited purpose of issuing title insurance policies in New Jersey.  ORT denies Cross Bridge was acting within any scope of agency for ORT.

79.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 79, ORT denies.

80.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 80, ORT denies.

81.     ORT is not required to admit or deny statements of law.  ORT denies ORT the allegation in paragraph 81 that Cross Bridge was acting as its agent.

82.     ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 82, ORT denies.

## Cause of Action Four:
## Breach of Fiduciary Duty
## *(Cross Bridge)*

83.    ORT is not required to admit or deny the allegation against Cross Bridge.

84.    ORT is not required to admit or deny the allegation against Cross Bridge.

85.    ORT is not required to admit or deny the allegation against Cross Bridge.

86.    ORT is not required to admit or deny the allegation against Cross Bridge.

## Cause of Action Five:
## Breach of Contract
## *(Old Republic)*

87.    ORT refers back to its responses to allegations incorporated into this paragraph 87.

88.    ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 88, ORT admits it issued a closing protection letter to the lender secured by a mortgage on the insured property. ORT denies Berkadia's characterization of the terms of the letter, which speaks for itself.

89.    ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 89, ORT has no information to form a belief as to Berkadia's actions.

90.    ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 90, ORT denies it breached the closing protection letter. ORT further denies Berkadia has standing to enforce the Closing Protection Letter given it is not a lender secured by a mortgage on the insured property.

91.    ORT is not required to admit or deny statements of law.  To the extent ORT is required to answer any portion of this paragraph 91, ORT denies it breached the closing

protection letter and further that Berkadia suffered any damage as a result of the alleged breach. Old Republic further denies Berkadia has suffered any damages or that the calculation in this paragraph is accurate.

92. ORT is not required to admit or deny statements of law. To the extent ORT is required to answer any portion of this paragraph 92, ORT denies presentment of its claim in accordance with Chapter 38 of the Texas Civil Practice & Remedies Code.

## V. CONDITIONS PRECEDENT

93. ORT denies that all conditions precedent had been performed or excused.

## VI. CONCLUSION

ORT denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. ORT pleads the affirmative defense of waiver.

2. ORT pleads the affirmative defense of lack of standing. To the extent Berkadia transferred its interest in the loan and the deed of trust to Freddie Mac, Berkadia lacks standing to pursue recovery of loan related losses.

3. ORT pleads the affirmative defense of the lack of agency between Cross Bridge and ORT. To the extent Cross Bridge engaged in fraudulent or dishonest conduct, such conduct was outside the scope of agency and not authorized, ratified, or condoned by ORT. ORT is not vicariously liable for unauthorized acts of Cross Bridge. To the extent Cross Bridge engaged in fraud, it did so outside its authority.

4. ORT pleads the affirmative defense of the lack of causation between alleged wrongful acts committed by ORT and/or Cross Bridge and Plaintiff's alleged damages.

5.	ORT pleads the affirmative defense that the acts of Cross Bridge and others are a superseding and intervening cause of Berkadia's loss, if any.  Any loss sustained by Berkadia was directly and proximately caused by the fraudulent conduct of the borrower and/or third-parties, which constitutes an intervening and superseding cause of the loss, relieving ORT of liability.

6.	ORT pleads the affirmative defense of unclean hands.

7.	ORT pleads the affirmative defense of voluntary assumption of risk and liability to Freddie Mac.   Berkadia voluntarily entered into a lease and indemnity agreement with Freddie Mac, thereby assuming financial obligations that may not have arisen from or been caused by ORT's conduct. Berkadia's voluntary undertaking bars or limits its recovery.

8.	ORT pleads the affirmative defense of ripeness.

9.	ORT pleads the affirmative defenses available under the terms and conditions of the Closing Protection Letter issued by it to Berkadia. ORT owed no legal duty to Berkadia beyond the express terms of the Closing Protection Letter. Any liability under the CPL is subject to limitations, exclusions, and conditions contained therein, including coverage scope and eligibility criteria.

10.	Berkadia's own negligence, including but not limited to reliance on suspect or inflated appraisal data and failure to adequately investigate borrower qualifications and loan-to-value ratios, and failure to recognize red flags of fraud in the real estate transaction contributed to its alleged loss.

11.     Berkadia failed to take reasonable steps to mitigate its damages, including efforts to recover from the borrower, appraiser and/or others involved in the real estate transaction.

12.     ORT is not liable for the independent acts of third parties. ORT is not liable for any alleged wrongdoing committed independently by third parties, including Cross Bridge, Weiss, or other individuals and entities involved in the transaction.

13.     Berkadia's future obligation to repay Freddie Mac under the terms of the lease and indemnity agreement are speculative and contingent, and therefore not recoverable unless and until those payments are actually made.

WHEREFORE, Defendant Old Republic National Title Insurance Company respectfully requests that upon final trial, judgment be entered in their favor and against Plaintiff, that they be awarded their attorneys' fees and costs, and that they have such other and further relief to which they may be entitled.

Respectfully submitted,

**IRELAN STEPHENS, PLLC**

*/s/ Bradford W. Irelan*
Bradford W. Irelan
State Bar No. 10411550
birelan@irelanlaw.com
2520 Caroline Street, 2nd Floor
Houston, Texas 77004
Phone: (713) 222-7666
Facsimile: (713) 222-7669

**ATTORNEY-IN-CHARGE
FOR DEFENDANT
OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY**

**OF COUNSEL:**

**IRELAN STEPHENS, PLLC**

Andrea Whitley
State Bar No 24041661
awhitley@irelanlaw.com
2520 Caroline Street, 2nd Floor
Houston, Texas 77004
Phone: (713) 222-7666
Facsimile: (713) 222-7669

**COUNSEL FOR DEFENDANT**
**OLD REPUBLIC NATIONAL**
**TITLE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on July 28, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties appearing on the Court's ECF service list.

                                     */s/ Andrea Whitley*
                                     Andrea Whitley