IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERKADIA COMMERCIAL MORTGAGE LLC, <br> Plaintiff, | § <br> § <br> § <br> § | |
| v. | § <br> § | Civil Action No. 4:25-cv-2368 |
| CROSS BRIDGE TITLE LLC and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, <br> Defendants. | § <br> § <br> § <br> § <br> § | |

**PLAINTIFF BERKADIA COMMERCIAL MORTGAGE LLC'S
MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff Berkadia Commercial Mortgage LLC ("Berkadia") requests the Court render a default judgment against Defendant Cross Bridge Title LLC ("Cross Bridge") and, in support, states as follows:

## I.   INTRODUCTION

Berkadia filed its Original Complaint against Cross Bridge on May 23, 2025, alleging claims for fraud, fraud by nondisclosure, negligent misrepresentation, and breach of fiduciary duty. ECF No. 1. On June 4, 2025, Cross Bridge was served with a summons and Berkadia's Original Complaint by personal delivery. ECF No. 10. A true and correct copy of the return of service is attached as Exhibit A-1 and incorporated by reference.

Cross Bridge failed to file a responsive pleading or otherwise defend the suit. Ex. A ¶ 6. On July 3, 2025, the Court entered a default against Cross Bridge. ECF No. 13. A true and correct copy of the Court's order on Default is attached as Exhibit A-2 and incorporated by reference. The Court has ordered Berkadia to move for default judgment by August 7, 2025. ECF No. 15.

Berkadia now asks the Court to render a default judgment against Cross Bridge.

## II.    NATURE AND STAGE OF THE PROCEEDING

Berkadia sued Cross Bridge on May 23, 2025 for fraud, fraud by nondisclosure, negligent misrepresentation, and breach of fiduciary duty, alleging that it participated in a scheme to steal tens of millions of dollars. The initial pretrial scheduling conference originally set for August 29, 2025 at 3:00 p.m. was cancelled on August 7, 2025, when the Court referred this matter to Magistrate Judge Christina A. Bryan. The initial scheduling conference has not yet occurred, so discovery has not begun.

## III.    BACKGROUND

In late April 2023, Berkadia was approached regarding a loan for the purchase of a multifamily property in Houston, Texas then known as the Virtuo Med Center Apartments ("Virtuo" or the "Property"). ECF No. 1 ¶ 17. The sponsor of the proposed loan was Mordichai Weiss of "Weiss Property Group" ("Weiss"), and the purchaser was TMC Grand Apts #1, LLC. ECF No. 1 ¶¶ 17, 19. Weiss and TMC Grand Apts #1, LLC sought $69 million to assist in an alleged $97.8 million purchase of the Property, to be financed under the Federal Home Loan Mortgage Corporation ("Freddie Mac") Capital Markets Execution ("CME") program. ECF No. 1 ¶¶ 17, 19.

Unbeknownst to Berkadia, the proposed transaction and supporting documents were fraudulent. ECF No. 1 ¶ 18. Cross Bridge—the title and escrow agent—worked together with Weiss, TMC Grand Apts #1, LLC, and others to create a paper trail "documenting" a sham transaction with an inflated sales price to support a larger loan than Berkadia otherwise would have made had it known the truth. ECF No. 1 ¶ 18. Specifically, Cross Bridge generated a fraudulent title insurance commitment issued by Defendant Old Republic National Title Insurance Company

("Old Republic") and fraudulent settlement statements to induce Berkadia into issuing the loan. ECF No. 1 ¶ 18; *see also* ECF No. 1 ¶¶ 21–36.

On or about June 13, 2023, Berkadia made a mortgage loan in the amount of $68,460,000 (the "Virtuo Loan") to finance the purchase of the Property. ECF No. 1 ¶ 17, 19–20; Ex. B ¶ 4. Freddie Mac purchased the Loan plus accrued interest from Berkadia on or about July 7, 2023. ECF No. 1 ¶ 41; Ex. B ¶ 4.

Because the transaction was a sham, TMC Grand Apts #1, LLC stopped making payments on the loan. ECF No. 1 ¶ 40; Ex. B ¶ 5. In November 2023, Berkadia sent a notice of default and acceleration. ECF No. 1 ¶ 40. Freddie Mac moved for the appointment of a receiver, and the Property was placed into receivership on or about December 18, 2023. ECF No. 1 ¶ 41; Ex. B ¶ 5.

Around this time, Freddie Mac engaged Colliers Internation Valuation & Advisory Services ("Colliers") to appraise the Property. Ex. C ¶ 5. Colliers appraised the As-Is Market Value of the Property as of November 28, 2023 at $40,400,000. Ex. C ¶ 7. A true and correct copy of the Affidavit of Clay M. Roth is attached as Exhibit C and incorporated by reference; a true and correct copy of the Colliers appraisal is attached to Mr. Roth's affidavit as Exhibit 1.

On or about March 5, 2024, Freddie Mac foreclosed and took title to the Property. ECF No. 1 ¶ 41; Ex. B ¶ 8.

Berkadia was forced to enter into a lease and indemnity agreement (the "Indemnification Agreement") with Freddie Mac regarding the Virtuo Loan. ECF No. 1 ¶ 41; Ex. B ¶ 9. A true and correct copy of the Indemnification Agreement is attached as Exhibit B-2 and incorporated by reference. Pursuant to the Indemnification Agreement, Berkadia agreed to indemnify Freddie Mac for the principal balance of the Virtuo Loan and certain costs and expenses incurred by Freddie

Mac in connection with the loan or the Property. Ex. B ¶ 10; Ex. B-2 ¶ 2. Berkadia also agreed to

deposit cash collateral in the amount of $15,000,000 as security. Ex. B ¶ 10; Ex. B-2 ¶ 3.

## IV.  ISSUE

The Court has entered a default against Cross Bridge, and Berkadia requests that the Court

render default judgment.[1] A default judgment is reviewed for abuse of discretion. *In re Chinese*

*Manufactured Drywall Products Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

## V.  SUMMARY OF THE ARGUMENT

Berkadia sued Cross Bridge for fraud, fraud by nondisclosure, negligent misrepresentation,

and breach of fiduciary duty. Cross Bridge was duly served with process but failed to file a

responsive pleading or otherwise defend the suit. Berkadia requested, and the Court entered, a

default against Cross Bridge.

As set out in the attached Declaration of Julie Gschwind, Berkadia's liquidated damages

are $31,247,960.33.

Berkadia has met the requirements under Rule 55(b) for obtaining a default judgment from

the Court, as demonstrated herein and by the attached declarations and affidavits, including the

Declaration of Kathryn E. Nelson, attached and incorporated by reference as Exhibit A. The Court

should render a default judgment against Cross Bridge.

## VI.  ARGUMENT

### A. Cross Bridge has defaulted.

A court may render a default judgment against a party who has not filed a responsive

pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a), (b)(2). Rule 12(a)(1)(A)(i) requires

---

[1] On Wednesday, August 6, 2025, one day before this motion was due, Old Republic filed its Objections to Entry of Default Judgment. ECF No. 17. Berkadia intends to respond to Old Republic's objections within 21 days, unless otherwise ordered by the Court.

a defendant to file a responsive pleading within 21 days after being served with a summons and complaint.

Cross Bridge did not file a responsive pleading by June 25, 2025, which is 21 days after it was served on June 4, 2025. *See* Ex. A ¶ 6. Nor has Cross Bridge otherwise defended the suit. Ex. A ¶ 6. The Court has already entered a default and should render a default judgment against Cross Bridge. *See* Fed. R. Civ. P. 55(a), (b)(2).

Cross Bridge is a limited liability company, not an individual, and therefore is neither a minor nor an incompetent person. *See* Ex. A ¶ 7. As a limited liability company, Cross Bridge is not in military service, active or otherwise. Ex. A ¶ 7.

**B. Berkadia's damages are liquidated in the amount of $31,247,960.33.**

In a fraud case, damages are determined at the time of the transaction induced by the fraud. *Fazio v. Cypress/GR Houston I, L.P.*, 403 S.W.3d 390, 394–95 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Berkadia therefore seeks liquidated damages calculated at the time of the Virtuo Loan and resulting Indemnification Agreement. *See id.*

Berkadia seeks liquidated damages in the amount of $31,247,960.33, as set out above and established by the Declaration of Julie Gschwind. A true and correct copy of Ms. Gschwind's declaration is attached as Exhibit B and incorporated by reference.

On March 27, 2024, Freddie Mac notified Berkadia via email that the amount then owed to Freddie Mac was $70,839,960.33. Ex. B ¶ 11. As set out in the email, this amount includes the unpaid principal balance of the loan ($68,460,000), accrued and unpaid interest ($2,329,066.24), legal expenses ($36,847.39), third-party reports ($12,000), and travel expenses ($2,046.70):

| | |
|---|---|
| UPB as of March 4th | $ 68,460,000.00 |
| Unpaid accrued interest until March 4th/ delinquent interest | $ 2,329,066.24 |
| Legal expenses reported as of 3/21/2024 | $ 36,847.39 |
| Third party reports | $ 12,000.00 |

5

| | | |
|---|---|---|
| Travel expenses | $ | 2,046.70 |
| Hedging fee | $ | - |
| | **$ 70,839,960.33** | |

Ex. B ¶ 11; Ex. B-3 at 2.

At the time of the Indemnification Agreement, Berkadia's loss related to the Virtuo Loan was $31,247,960.33. Ex. B ¶ 12. This amount is calculated by subtracting the net value of the Property at the time, as appraised by Colliers less at least a 2% broker's commission, from the amount Berkadia owed to Freddie Mac:

| | | |
|---|---|---|
| Amount owed to Freddie Mac | $ | 70,839,960.33 |
| Appraised Value of Property | $ | (40,400,000.00) |
| 2% cost of sale | $ | (808,000.00) |
| | **$** | **31,247,960.33** |

Ex. B ¶ 12.

## VII. CONCLUSION

For these reasons, Plaintiff Berkadia Commercial Mortgage LLC asks the Court to render a default judgment against Defendant Cross Bridge Title LLC for the sum of $31,247,960.33, plus costs of court and prejudgment and postjudgment interest.

Respectfully submitted,
BERG PC

By:      /s/ Geoffrey Berg
Geoffrey Berg (gberg@bergpc.com)
Texas Bar No. 00793330
S.D. Tex. Bar No. 19455
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Attorney-in-Charge for Plaintiff*
*Berkadia Commercial Mortgage LLC*

Kathryn E. Nelson (knelson@bergpc.com)
Texas Bar No. 24037166
S.D. Tex. Bar No. 36108
BERG PC
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Of Counsel*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served on all parties and counsel of record by filing it with the Court's CM/ECF system on August 7, 2025.

I further certify that the foregoing instrument was served on Defendant Cross Bridge Title LLC by certified mail, return receipt requested on August 7, 2025 as follows:

Cross Bridge Title LLC                Cross Bridge Title LLC
4667 Route 9 N                        18 Cox Cro Rd Ste 102
Howell NJ 07731                       Toms River NJ 08755

                          */s/ Kathryn E. Nelson*