IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BERKADIA COMMERCIAL** § | |
| **MORTGAGE LLC** § | |
|     Plaintiff § | |
| v. § | Civil Action No. 4:25-cv-2368 |
| § | |
| **CROSS BRIDGE TITLE LLC and** § | |
| **OLD REPUBLIC NATIONAL** § | |
| **TITLE INSURANCE COMPANY** § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1.  **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    On August 21, 2025, Kathryn Nelson, counsel for Plaintiff Berkadia Commercial Mortgage, LLC ("Berkadia"), and Andrea Whitley, counsel for Defendant Old Republic National Title Insurance Company ("ORT") had a telephone call to begin conferring on this Plan. The parties have continued to confer up through and including October 13, 2025.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **<u>Briefly</u> describe what this case is about.**

    This case involves a $68 million mortgage loan (the "Loan") made in June 2023 by Berkadia to TMC Grand Apts #1, LLC (the "Borrower") for an apartment complex in Houston, Texas. Defendant Cross Bridge Title, LLC ("Cross Bridge") was the closing agent for the loan. ORT issued multiple title insurance commitments, a title insurance policy, and a closing protection letter. After closing, Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the Loan from Berkadia. The Borrower defaulted in November of 2023, and Freddie Mac foreclosed in March 2024. Shortly thereafter, Berkadia entered into an indemnity agreement with

Freddie Mac. Berkadia alleges fraud in the loan transaction and has asserted claims against Cross Bridge for its alleged participation in the fraud and against ORT under the closing protection letter and in its alleged capacity as Cross Bridge's principal.

4. **Specify the allegation of federal jurisdiction.**

   Diversity Jurisdiction. The Court has subject-matter jurisdiction over this suit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Berkadia and ORT anticipate making the required disclosures by October 20, 2025.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       The parties agree to the following production protocol for responsive electronically stored information ("ESI"):

       i. With certain exceptions set out below, responsive ESI will be converted to multipage PDFs, Bates numbered, and produced with fully searchable text.

      A single-page PDF placeholder bearing the Bates number for each item not converted to PDF format will also be produced.

ii. Spreadsheets, presentation files, or other items containing speaker notes, animated text, embedded comments, or tracked changes will be produced in native format unless otherwise agreed by the parties.

iii. Photographs, diagrams, graphs, drawings, or other robust images or documents containing them may be produced in native format.

iv. Any paper documents will be scanned at a resolution of at least 300 dpi, converted to multipage PDFs, Bates numbered, and produced with fully searchable text.

v. Responsive ESI and converted paper documents will be produced with load files for eDiscovery software including metadata and companion optical character recognition (OCR) and/or extracted text files. All family relationships will be preserved and indicated in the load files, and all attachments will sequentially follow the parent document/email.

vi. The parties will additionally identify and produce at least the following metadata fields, if applicable and/or reasonably available: document type; page count; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name; file size; original file path; date and time created, sent, modified, and/or received; and hash value.

The parties agree that production of information that is protected as privileged or work product shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced; or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production. Any such information shall be immediately returned to the producing party, destroyed, and/or deleted from eDiscovery software, as appropriate, and shall be identified in a privilege log.

b. **When and to whom the plaintiff anticipates it may send interrogatories.**

Berkadia anticipates sending interrogatories to:

i. ORT within 30 days after receipt of ORT's Initial Disclosures and/or document production; and

ii. Cross Bridge within 30 days after receipt of ORT's Initial Disclosures and/or document production.

    **c. When and to whom the defendant anticipates it may send interrogatories.**

        1. ORT anticipates sending interrogatories to Berkadia within 30 days after receipt of Berkadia's Initial Disclosures and Document Production.

        2. ORT anticipates sending interrogatories (potentially by subpoena) to Freddie Mac within 30 days after receipt of Berkadia's Initial Disclosure and Document Production.

    **d. Of whom and by when the plaintiff anticipates taking oral depositions.**

    Berkadia anticipates taking oral depositions of:

    1. Corporate Representative(s) of ORT;
    2. John T. Updegraff, Jr. (signer of the closing protection letter);
    3. Agents and/or employees of ORT identified in discovery as having or likely to have discoverable information;
    4. Corporate Representative(s) of Cross Bridge;
    5. Asher Rendler (Cross Bridge's Closing Coordinator), Michael Hirschler (Cross Bridge employee); and
    6. Agents and/or employees of Cross Bridge identified in discovery as having or likely to have discoverable information.

    Subject to witness availability and completeness of document production, Berkadia anticipates taking depositions beginning approximately 90 days after the Initial Scheduling Conference.

    **e. Of whom and by when the defendant anticipates taking oral depositions.**

    1. Corporate Representative of Berkadia

    2. Corporate Representative of Freddie Mac

    3. Yuri Kletsman, former Berkadia Mortgage Banker in charge of the Loan

    4. Asher Rendler, Cross Bridge Closing Agent

    5. Corporate Representative of Cross Bridge

6. Other facts witnesses from Berkadia with knowledge of the Loan and underwriting decisions.

The timing of the depositions will depend on document production and the need for subpoenas to Yuri Klestman, Freddie Mac and Asher Rendler and their respective availability for deposition.

f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Berkadia anticipates designating experts and providing any required reports no later than 60 days before the discovery deadline.

ORT anticipates designating responsive experts and providing reports within 30 days after Berkadia designates experts.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Berkadia anticipates taking the depositions of ORT's experts within 30 days after their designation.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

ORT plans to depose all of Berkadia's experts.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

    Discovery can reasonably be completed within 9 months following the Initial Scheduling Conference.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties do not believe that prompt resolution is possible at this time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Parties have not yet pursued prompt resolution.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The Parties generally agree that mediation would be the most reasonably suitable alternative dispute resolution method and may be most effectively used after the close of discovery, but no later than 60 days before the date set for trial.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties have consented to Judge Bryan trying this case.

18. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made. Neither party anticipates making a jury demand.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Berkadia anticipates it will take 40 hours to present the evidence in this case. ORT anticipates it will take 60 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None following the withdrawal of Berkadia's Motion for Default Judgment.

**21.**     **List other motions pending.**

    None.

**22.**     **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Cross Bridge's absence in the case may necessitate subpoenas for documents and depositions to the extent possible.

    Also, ORT contends that Berkadia's claim against ORT under the Closing Protection Letter is a question of law, and ORT anticipates requesting leave to file a Motion for Summary Judgment early in the discovery process.

    A proposed Scheduling and Docket Control Order is attached.

                              Respectfully submitted,

                              **BERG PC**

                              By:    */s/ Geoffrey Berg*
                              Geoffrey Berg (gberg@bergpc.com)
                              Texas Bar No. 00793330
                              S.D. Tex. Bar No. 19455
                              3700 Buffalo Speedway, Suite 1150
                              Houston, Texas 77098
                              713-526-0200 (tel)
                              832-615-2665 (fax)
                              *Attorney-in-Charge for Plaintiff*
                              *Berkadia Commercial Mortgage LLC*

Kathryn E. Nelson (knelson@bergpc.com)
Texas Bar No. 24037166
S.D. Tex. Bar No. 36108
BERG PC
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Of Counsel for Plaintiff*
*Berkadia Commercial Mortgage LLC*

                                    **IRELAN STEPHENS, PLLC**

                                    */s/ Bradford W. Ireland*
                                    Bradford W. Irelan
                                    State Bar No. 10411550
                                    birelan@irelanlaw.com
                                    2520 Caroline Street, 2nd Floor
                                    Houston, Texas 77004
                                    Phone: (713) 222-7666
                                    Facsimile: (713) 222-7669

                                    **ATTORNEY-IN-CHARGE**
                                    **FOR DEFENDANT**
                                    **OLD REPUBLIC NATIONAL**
                                    **TITLE INSURANCE COMPANY**

**OF COUNSEL:**

**IRELAN STEPHENS, PLLC**

Andrea Whitley
State Bar No 24041661
awhitley@irelanlaw.com
2520 Caroline Street, 2nd Floor
Houston, Texas 77004
Phone: (713) 222-7666
Facsimile: (713) 222-7669

**COUNSEL FOR DEFENDANT**
**OLD REPUBLIC NATIONAL**
**TITLE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      I certify that the foregoing instrument was served on all parties and counsel of record by filing it with the Court's CM/ECF system on October 13, 2025.

                                              */s/ Kathryn E. Nelson*